## Court of Appeals.

*April*, 1887.

## PEOPLE v. MEEGAN.

BURGLARY IN FIRST DEGREE.—WHEN PROVEN, NO CON-
VICTION UNDER § 505 PENAL CODE, OF MISDEMEANOR.

Where the proofs establish all the elements of burglary in the first degree,
as charged in the indictment, the prisoner is not entitled to a charge
that the jury may convict of a misdemeanor, under § 505 Penal Code.

APPEAL from the judgment of the General Term, Second Department, affirming the judgment of the Court of Sessions of Queens county rendered on the 10th day of May, 1886, convicting the appellant Meegan, of burglary in the first degree.

The facts appear in the opinion.

*James W. Covert*, for the prisoner, appellant.

*John Fleming*, district attorney, for the people, respondent.

FINCH, J.—The prisoner was indicted for burglary in the first degree. The evidence showed that, with two or three confederates, he broke into an inhabited dwelling-house, and held, or aided in holding, one of the inmates while one of his companions attempted to commit a rape upon a female therein residing. The defendant himself testified, admitting his presence in the house, and pratically denying nothing. The trial court was asked to charge the jury that they might convict the prisoner of a misdemeanor under section 505 of the Penal Code. The request was refused and an exception was taken. The jury found the defendant guilty of burglary in the first degree. The learned trial judge read to the jury the definitions of burglary in each of its three degrees, after having told them that if they doubted as to the greater

offense they might convict as to the lesser. He called their attention, then, to the provisions of section 505, adding: " I have now called your attention to all the provisions of the statute which relate to the offense charged in the indictment, and to the particular degrees of that offense." It would seem from his language that he treated section 505 as a lesser degree of the offense charged, and gave to the prisoner the benefit of the doctrine which his counsel invoked. But if his subsequent refusal to charge imports the contrary, he committed no error. Nothing in the facts proved warranted a conviction for the misdemeanor. The proof, without contradiction, established all of the elements of burglary in the first degree. There was no room for any possible conclusion upon the evidence that any opening to the house was unclosed, or that the entrance was effected without a " breaking." The defendant makes no such pretense. He only says that he was in such a state of intoxication that he did not know how entrance to the house was effected. The " breaking," which constitutes the essential element of the crime of burglary, stood, therefore, in the case an uncontradicted fact, and since, under section 505, the lesser offense of a misdemeanor could only exist where the entry into the building was " under circumstances or in a manner not amounting to a burglary " the trial court was certainly authorized to decline a charge to the jury that they might convict of a misdemeanor. That would have been to tell them that they might disregard clear and definite testimony not only unimpeached but entirely without contradiction. It may be added also that no modification of the indictment by striking out the characteristics of burglary in any or all of its degrees would have left an adequate description of the misdemeanor. That offense involves an intent to commit a felony or larceny, or malicious mischief accompanying the entry. The only allegation of intent in the indictment is " to commit some crime." Code Crim. Proc., §§ 444, 445; *Dedieu* v. *People*, 22 N. Y. 178. It is clear, therefore, that the exception was unfounded.

No other questions require discussion.

The judgment should be affirmed.

All concur.

Judgment affirmed.

---

Supreme Court,—Special Term.—First Department.

*April,* 1887.

Supreme Court,—General Term.—First Department.

*May,* 1887.